IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARQUIS GARRETT,**

                **Plaintiff,**

        **v.**                         **CASE NO.  11-3225-SAC**

**J. HEIMGARTENER,**
**Warden, et al.,**

                **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This pro se civil complaint was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF) on forms for filing an action pursuant to 28 U.S.C. § 1331.

<u>**COMPLAINT NOT ON PROPER FORMS**</u>

Plaintiff names two state officials as defendants. A complaint under § 1331 is for suing employees of the United States such as federal prison guards, and not for suing employees of the State of Kansas. This complaint has been submitted upon the wrong forms. Plaintiff will be sent the proper forms and given time to submit his complaint upon those forms.

The complaint may only be signed by the plaintiff or his lawful representative. The court finds that the complaint as well as the signature of the plaintiff appear to be in the handwriting of another inmate, Mr. Malone. Mr. Garrett is required to place his own signature upon a new complaint submitted upon the correct forms. It is not legal for Mr. Malone to sign a legal document for someone other than himself, if that is what occurred here.

**FILING FEE NOT SATISFIED**

The filing fee for filing any civil complaint is $350.00, and must be satisfied at the time the complaint is filed. Plaintiff has neither paid the fee nor submitted a motion to proceed without prepayment of fees (WPF) upon court-approved forms. Forms for filing a WPF motion will be sent to plaintiff. Mr. Garrett is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1] Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). This action may not proceed until plaintiff satisfies the filing fee in one of these two ways. He will be given time to do so, and is forewarned that if he fails to comply within the time allotted, this action may be dismissed without further notice.

**ALLEGATIONS AND CLAIMS**

As the factual background for his complaint, Mr. Garrett

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

alleges as follows. On June 9, 2011, at 11:00 p.m., he was in his cell at the EDCF when 5 correctional officers in brown uniforms ran in, sprayed him with mace, kicked him in the back causing severe pain, and dragged him "from (his) cell to the middle of the floor." They did not give him a shower to get the mace out of his eyes. He is in constant severe pain.

As count I, plaintiff claims that he was subjected to the use of excessive force and cruel and unusual punishment in violation of the Eighth Amendment, mistreatment of a confined person under K.S.A. 21-3425, and kidnaping.

As counts II and III, plaintiff appears to allege that he has been denied due process and access to the court in that he was denied legal assistance "from others" under KAR 44-12-702, and "by not assisting the inmates to give him in law."

Plaintiff seeks money damages.

**SCREENING**

Because Mr. Garrett is a prisoner suing state officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**ALLEGATIONS SUGGEST FAILURE TO EXHAUST**

Although plaintiff has marked "yes" in response to the general question regarding exhaustion of administrative remedies on his

3

current form complaint, his description of his efforts indicates that he has submitted a form-9 grievance only.  He does not provide "the date of disposition, result, and reasons given for the administrative decision" at the two higher, appellate levels.  It thus appears from plaintiff's own allegations that he has not fully exhausted administrative remedies on his claims.

Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court."  Id.  Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.  This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it."  Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010).  The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures."  Little, 607 F.3d at 1249 (citing Woodford v. Ngo, 548 U.S. 81, 90 (2006).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." Id. (citing Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)).  While failure to exhaust generally is an affirmative defense and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted.  See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223,

4

1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

The Kansas Department of Corrections makes a four-step grievance procedure available to its inmates, which must begin with an attempt at informal resolution, and thereafter proceed through three "levels of problem solving." KS ADC 44-15-101, -102. The second level is a grievance submitted to a Unit Team member. KS ADC 44-15-101(d). Next, the inmate may appeal to the Warden, and ultimately to the Secretary of Corrections. Id.

Accordingly, the court finds that plaintiff's civil complaint is subject to being dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1), based on plaintiff's failure to exhaust available administrative remedies prior to filing this action. Plaintiff is given time to show cause why this action should not be dismissed due to his failure to exhaust. If he does not show good cause within the time allotted, this action may be dismissed without further notice.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION OF DEFENDANTS**

The only defendants named in the caption of the complaint and for whom the requisite information, such as location and place of employment, are provided are James Heimgartener, Warden, El Dorado Correctional Facility, El Dorado, Kansas (EDCF); and Ray Roberts, Kansas Secretary of Corrections (SOC). Rule 10 of the Federal Rules of Civil Procedure requires that all parties be named in the caption

5

of the complaint. Accordingly, the two officials named in the caption are considered the only defendants in this case at this time.

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). A supervisor's liability may not be predicated solely upon a theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995); Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988)(To be held liable under § 1983, a supervisor must have personally participated or acquiesced in the complained-of constitutional deprivation.). Instead, "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). As the U.S. Supreme Court recently explained in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009):

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. (Citations omitted). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Id.

In the body of his complaint, Mr. Garrett does not describe a single, personal act by either defendant Heimgartener or Roberts and explain how that act was part of the use of force upon which the complaint is based. Instead, his claims against these two individuals appear to be based upon their supervisory capacities. Because plaintiff has not alleged facts showing the personal participation of either of the named defendants, this action is subject to being dismissed for failure to state a claim against the defendants.

In the supporting facts under Count I, plaintiff names "COI Cox, CSI Hennesy, and Captain Foster" and alleges that these individuals all used unnecessary force by macing, kicking him and not giving him a shower. However, he has not named any of these individuals in the caption of the complaint or provided information about them in the spaces where the forms require information about each defendant. In order to have any of these persons treated as defendants in this case, plaintiff must name them in the caption and provide the information required for each of them in section (2) on the first page of the forms.

**FAILURE TO STATE CLAIM OF DENIAL OF ACCESS**

Plaintiff alleges no facts whatsoever to support counts II and III in his complaint. Thus, he fails to allege facts to state a constitutional claim of denial of access to the court. It is well-established that a prison inmate has a constitutional right of access to the courts. However, to state a claim of denial of that

right, the inmate must allege something more than that the prison's legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the . . . legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by describing an actual prejudice that resulted to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded. Id. at 350, 353. Plaintiff will be given time to allege facts showing actual prejudice, which he may do by describing what court action or actions he is pursuing and how those cases have been actually impeded by the alleged inadequate access to legal assistance. Obviously, he has not been denied access to this court, as he has managed to file this complaint and a motion in this case.

Moreover, plaintiff must allege facts showing actual personal participation in the alleged denial of his right to access by each person named as a defendant. He does not allege facts under either count II or III describing acts taken by either named defendant that caused him to be denied court access.

Plaintiff is given time to submit his complaint upon the correct forms. In that complaint, he has the opportunity to cure the deficiencies set forth in this order. If he fails to comply within the time allotted, this action may be dismissed without further notice.

**FAILURE TO STATE CLAIM OF KIDNAPING**

Plaintiff's claims of kidnaping are completely frivolous, and

8

are dismissed for that reason.

**MOTION FOR COUNSEL**

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 2) and finds it should be denied. There is no entitlement to appointment of counsel in a civil rights action seeking money damages. Having considered the relevant factors, the court finds that the interests of justice would not be served by appointing counsel in this case at this time. Plaintiff's excessive force claim is essentially based upon a single incident at which plaintiff was present, and he should be able to adequately present the underlying facts. A pro se litigant is expected to present the facts supporting his claim, and is generally not required to provide or discuss legal citations.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to satisfy the filing fee in this case by either paying the fee in full or submitting a properly supported motion to proceed without prepayment of fees upon forms provided by the court.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to submit his claims upon the correct forms[2] and to cure the deficiencies discussed herein in the new complaint.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for failure to fully exhaust administrative remedies prior

---

[2] Plaintiff must write the number of this case on the first page of his new complaint. He must carefully read and follow the form instructions and answer all relevant questions on the forms to the best of his ability. He must also personally sign the complaint.

9

to filing this lawsuit.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 2) is denied without prejudice.

The clerk is directed to send plaintiff § 1983 forms and motion forms for proceeding without prepayment of fees.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge